MR. CHIEF JUSTICE HASWELL,
dissenting:
I fully concur in the dissent of Mr. Justice Morrison. However, since the majority have decided this appeal on the ground that the credit company is not liable to the consumer under the terms of the contract, I further dissent to that holding.
The contract contains the following provision in bold face print on the face of the contract:
“NOTICE — ANY HOLDER OF THIS CONSUMER CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.”
This provision clearly and unambiguously states that the holder of the contract (Ford Motor Credit Company) is subject to all claims and defenses which the debtor (Cuchine) could assert against the seller (H.O. Bell, Inc.). *317 This provision for consumer protection is mandatory under Federal Trade Commission regulations. 16 C.F.R. Sec. 433.2 (1978). If Cuchine got a “lemon,” he has a claim against H. O. Bell to which Ford Motor Credit Company is subject.
Alternatively, this consumer contract should be recognized for what it is — an adhesion contract. There is no real choice or bargaining on the terms of the contract. It is offered to the consumer on a take-it-or-leave-it basis and he must accede to the terms required by the finance company.
The FTC regulation is an attempt to protect the powerless consumer. Montana’s version of the UCC provides a means for the Court to assist those purchasing goods for personal, family or household use:
“Unconscionable contract or clause. (1) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.
“(2) When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination.”
Contrary to the majority opinion, I would hold the credit company liable to the consumer under the contract, both by its express terms or alternatively under non-enforceability of unconscionable terms if otherwise interpreted.